# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ERIC E. BELL, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08-0456-CV-W-DGK |
| | ) | |
| OFFICER AARON L. BRYANT, and | ) | |
| OFFICER DAIN T. APPLE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING APPOINTMENT OF COUNSEL

This § 1983 action arises out of allegations that Defendants violated Plaintiff *pro se* Eric Bell's civil rights after a high speed chase by unlawfully tasering him. Now before the Court is Plaintiff's fifth Motion for Appointment of Counsel (doc. 165). The Court is reconsidering its previous order[1] denying appointment of counsel in light of the Eighth Circuit Court of Appeals decision reversing in part entry of summary judgment in favor of all Defendants. Having carefully considered the facts of this case and the relevant caselaw, Plaintiff's application is DENIED.

A civil litigant has no constitutional or statutory right to a court-appointed attorney, but a court may appoint counsel when an indigent prisoner has pleaded a nonfrivolous cause of action. *Phillips v. Jasper Cnty Jail*, 437 F.3d 791, 794 (8th Cir. 2006). In determining whether to appoint counsel, the court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* When a court has denied a motion to appoint counsel, it "should continue to be alert to the possibility that, because of

---

[1] This case was previously assigned to the Honorable Howard F. Sachs, Senior District Judge for the Western District of Missouri. The case was reassigned on August 17, 2011.

procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Id.*

In the present case, Plaintiff has pled a nonfrivolous cause of action. While the Court may appoint counsel, the Court holds the *Phillips* factors do not weigh in favor of appointing counsel here. First, this is a factually simple case. It concerns two questions: whether Plaintiff was complying with Officers Apple and Bryant's orders just before he was tasered, and if so, whether the tasering caused Plaintiff injury that would suggest the force used was unreasonable. The officers claim they tasered Plaintiff because he disobeyed orders to show his hands and get out of his truck after leading the police on a high-speed chase that was ended by the use of speed sticks placed in the roadway. Plaintiff maintains he complied with orders to place his truck in park, turn off the engine, and place his hands in the air, but was tasered anyway. He also claims the tasering continued after he was handcuffed, causing him to suffer an irregular heartbeat that required overnight hospitalization for monitoring. While these competing versions of what happened are certainly interesting, they are not so factually complex that they require an attorney's assistance to present to a jury.

Second, the Court finds Plaintiff does not need a lawyer to investigate and determine the facts here. This lawsuit boils down to a "he said – she said" argument concerning whether the Plaintiff complied with the officers' orders before he was tased, not something factually complex like causation in a products-liability lawsuit. Plaintiff was present at all the relevant events—the alleged flight from police, the confrontation with officers Apple and Bryant, and the tasering—so additional investigation will not uncover additional facts of which Plaintiff is unaware. Although

there is conflicting factual testimony here, as there is in almost every case, there is little fact-finding left to perform.

Finally, although this is a § 1983 lawsuit involving claims of qualified immunity which is an inherently legally complex area of law, the recent Court of Appeals decision has clarified most of these issues for the parties and the Court so that while the services of an attorney would be helpful to Plaintiff, the appointment of counsel for Plaintiff at taxpayer expense is not justified.

Consequently, the Court declines to appoint Plaintiff counsel at the present time. The Court is, however, mindful that future developments in this case may require the Court to revisit this issue.

The Court suggests Plaintiff contact the Missouri Bar's lawyer referral service, (573) 636-3635, for assistance in locating an attorney who will take his case. Given that this case is a relatively straightforward § 1983 action which is already past the summary judgment stage of the litigation and where an award of reasonable attorneys' fees is available to a prevailing plaintiff, the Court suspects Plaintiff can find a qualified attorney who will be willing to represent Plaintiff on a contingent fee basis so that Plaintiff, who is indigent, will not be required to spend any money to retain an attorney.

The Motion (doc. 165) is DENIED.

**IT IS SO ORDERED.**

DATE: October 11, 2011 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT