IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ERIC E. BELL, Sr., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 08-0456-CV-W-DGK |
| OFFICER AARON L. BRYANT, and OFFICER DAIN T. APPLE, | ) ) ) ) |
| Defendants. | ) |

## ORDER FINDING NO DISCOVERY VIOLATION

This § 1983 action arises out of Plaintiff *pro se* Eric Bell's arrest following a high-speed chase on June 24, 2007. Bell alleges that at the conclusion of the chase, the Defendants, officers with the Kansas City, Missouri Police Department ("KCPD"), violated his constitutional rights by unlawfully tasering him.

Now before the Court is Plaintiff's allegation that Defendants have violated the Court's discovery order dated June 30, 2009. The history of this dispute is as follows. After the Court granted Defendants summary judgment, Plaintiff appealed to the Eighth Circuit Court of Appeals. As part of his appeal, Plaintiff argued the district court erred by failing to hold Defendants in contempt for discovery violations. The Court of Appeals partially reversed the award of summary judgment and instructed the district court on remand "to address whether defendants violated discovery orders by failing to produce certain videotapes, and to craft a remedy if appropriate."

This Court[1] subsequently ordered the parties to brief whether Defendants had complied with a June 30, 2009 order directing them to produce to Plaintiff videotape made from a patrol

---

[1] This case was previously assigned to the Honorable Howard F. Sachs, Senior District Judge for the Western District of Missouri.

car dash camera. The Court also ordered the parties to indicate whether there were any other outstanding discovery disputes between the parties.

In their response (doc. 194), Defendants stated that on July 13, 2009, they hand-delivered three videotapes to Plaintiff, and that these were the only videotapes they possessed. Thus, they maintain, they complied with the Court's June 30, 2009 order.

In his response (doc. 198), Plaintiff conceded that Defendants had provided these three videotapes to him, but complained that two other videotapes, numbers 6410 and 41502, were not produced. These tapes were referenced in a report made by Officer Eric Stucker in which he requested the tapes be held and saved as part of the case investigation file.

To clarify the record, the Court subsequently ordered Defendants to file a brief stating whether videotapes numbered 6410 and 41502 had been produced to Plaintiff, and if not, explaining why Defendants failed to produce these tapes.

On March 9, 2012, Defendants filed their response (doc. 202). In it, they reported that videotapes 6410 and 41502 were released and destroyed on June 27, 2008, one year and one day after Plaintiff's arrest, as per KCPD videotape retention policy. Defendants state these videos were not held any longer because no letter or other notification had been sent to KCPD asking them to continue holding these videos, and they had not yet received notice of this lawsuit. Plaintiff has not filed any reply to Defendants' response, and his time to reply has expired.

The Court finds Defendants' response to be credible and holds Defendants did not violate the Court's June 30, 2009 discovery order.

DATE: <u>June 4, 2012</u>     <u>/s/ Greg Kays</u>
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT