IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC E. BELL, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08-0456-CV-W-DGK |
| | ) | |
| OFFICER AARON L. BRYANT, and | ) | |
| OFFICER DAIN T. APPLE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION IN LIMINE

This § 1983 action stems from a high-speed car chase which occurred on June 24, 2007 as Plaintiff *pro se* Eric Bell fled from Kansas City, Missouri Police Department ("KCPD") officers. Bell alleges that after the chase, Defendant Officers Bryant and Apple violated his constitutional rights by unlawfully tasering him as they were taking him into custody.

Now before the Court is Defendants' Motion in Limine (Doc. 205). Defendants seek to exclude discussion of five topics from the trial, specifically: 1) other allegations of constitutional rights violations made against Defendants, their witnesses, or other law enforcement officers; 2) any evidence or mention of potential coverage for Defendants under the State of Missouri's Legal Expense Fund; 3) mention of any offers, demands, or information relating to settlement negotiations; 4) evidence of claims previously dismissed by the Court; and 5) any adverse reference to videotapes numbered 6410 and 41502.

Plaintiff's response to the motion was due on or before July 9, 2012. Because Plaintiff is *pro se* and did not file any response, the Court issued an order on July 10, 2012 specifically notifying Plaintiff that Defendants had filed a motion in limine and that a response was overdue. At the same time, on its own motion, the Court granted Plaintiff leave through July 16, 2012 to

file a response, but warned Plaintiff that, "Failure to file a response will result in the Court ruling the motion on the existing record." Order (Doc. 208) at 1. On July 16, Plaintiff faxed to the Court a document captioned "Plaintiff's Response to Defendants' Motion in Limine and Suggestions in Support." Although this is not the proper procedure to file a response, in the interest of justice and because Plaintiff is pro se, the Court will deem the response to have been properly filed.

After carefully reviewing the motion and Plaintiff's response, the Court rules as follows.

**1.      The parties shall not reference any other alleged constitutional violations.**

Defendants anticipate that Plaintiff may seek to introduce allegations that Defendants, their witnesses, or other law enforcement officers have been the subject of unrelated complaints made to the KCPD's Office of Community Complaints, or that other KCPD officers have been defendants in other unrelated lawsuits. Defendants contend these allegations are irrelevant and therefore inadmissible under Federal Rule of Evidence 402, or alternately, that these allegations are inadmissible under Rule 403 because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or potential to mislead the jury.

The motion is granted with respect to complaints made against other, non-defendant KCPD officers because such allegations are not relevant to this case. The motion is also granted with respect to Defendants and their witnesses because there is no indication that any other complaints relevant to this case have been made against Defendants or their witnesses.

Consequently, no party shall refer to or introduce allegations that Defendants, their witnesses, or other law enforcement officers, have been the subject of any other complaints or

involved in any other lawsuits.

**2.      The parties shall not reference Missouri's Legal Expense Fund.**

Defendants observe that a portion of any award of damages against them could be paid by Missouri's Legal Expense Fund ("LEF").  While Missouri's LEF is not liability insurance, it is analogous to liability insurance, and its availability is not relevant to any issue to be determined by the jury.  Consequently, evidence of its existence is inadmissible.  *See* FRE 411.  Accordingly, no party shall introduce evidence of, or make any reference to, Missouri's LEF.

**3.      Evidence of offers to compromise and settlement discussions is inadmissible.**

Rule 408 provides that offers to compromise and settlement discussions are not admissible to prove liability or to impeach through a prior inconsistent statement or contradiction.  Although there are exceptions to this rule, those exceptions are not applicable here.  Consequently, no party shall be permitted to introduce evidence of, or refer to, any offers to compromise or settlement discussions.

**4.      The parties shall not reference prior rulings dismissing other claims and defendants.**

Defendants are also concerned that Plaintiff may seek to inform the jury of the Court's previous rulings or findings, particularly the dismissal of other claims and other Defendants from this case.  The previous rulings issued in this case are legal determinations which are irrelevant to the issues the jury will be asked to decide.  Consequently, no party shall make any reference to the Court's previous rulings or orders, including the Eighth Circuit Court of Appeals decision reversing a portion of Judge Sach's summary judgment ruling.

**5.      Plaintiff may not argue an adverse inference with respect to destruction of videotapes 6410 and 41502.**

Plaintiff has previously argued that Defendants committed discovery violations by failing

3

to produce two videotapes from dashboard cameras on patrol cars involved in the chase. The Court ruled that Defendants did not commit any discovery violations because these videotapes were destroyed in the normal course of business in accordance with the KCPD's retention policy, which provides for destruction of evidence one year and one day after the incident unless such evidence is needed for litigation. At the time the videos were destroyed, KCPD had not been notified of this lawsuit or asked to continue holding the videos.

Defendants ask that Plaintiff be prohibited from arguing any adverse inference to the jury concerning the tapes' destruction. This request is granted. The Court may, however, revisit this ruling if appropriate.

**IT IS SO ORDERED.**

Date:  July 24, 2012               /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT